1
2
3
4
5                 IN THE UNITED STATES DISTRICT COURT
6             FOR THE NORTHERN DISTRICT OF CALIFORNIA
7
8 BRIAN GILMER, et al.,              No. C-08-05186 CW (EDL)

9         Plaintiffs,            **ORDER GRANTING IN PART**
                                         **PLAINTIFFS' MOTION FOR**
10    v.                               **PROTECTIVE ORDER AND DENYING**
                                         **DEFENDANT'S MOTION TO COMPEL**
11 ALAMEDA-CONTRA COSTA TRANSIT
DISTRICT,
12
          Defendant.
13 _____/
14
15       Plaintiffs are five bus drivers employed by Defendant, Alameda-Contra Costa Transit

16 District who allege that they have not been properly compensated for their overtime work by

Defendant as required by the Fair Labor Standards Act.  The parties stipulated to proceed with this
17
case as an "opt-in" collective action.  In addition to the named Plaintiffs, there are 1,355 drivers who
18
have filed "Consents to Become Party Plaintiffs."  The discovery at issue in Plaintiffs' Motion for
19
Protective Order and Defendant's Motion to Compel is focused on those 1,355 opt-in Plaintiffs.  On
20
January 11, 2011, the Court held a hearing on these related motions.  For the reasons stated at the
21
hearing and in this Order, Plaintiffs' Motion for Protective Order is granted in part and denied in
22
part and Defendant's Motion to Compel is denied.
23
      Although the parties's motions sought relief as to numerous discovery requests, at the
24
hearing, the parties confirmed that the crux of their dispute is whether, and to what extent,
25
Defendant is entitled to discovery from Plaintiffs regarding overtime attributable to "split-shift"
26
travel.  "Split-shift" travel is incurred when the first part of a driver's split shift ends at a different
27
point than the start point of the second part of the run, requiring the driver to travel from the end
28
point of her first part to the start point of her second part.  Plaintiffs first argued that Defendant was

not entitled to this discovery because none of the discovery requests specifically called for the

**United States District Court**
For the Northern District of California

1   amount of time attributable to "split-shift" travel.  As stated at the hearing, the discovery requests in

2   general, including interrogatory 3 to the opt-in Plaintiffs, call for this information (as well as

3   considerable additional information that Plaintiffs need not provide because Defendants have the

4   information in their own records).  See Monrad Decl. in Support of Pls.' Mot. for Protective Order

5   Ex. 2 at 4 ("Identify the number of minutes of overtime pay, if any, which you estimate you are

6   entitled to as damages in this action.").

7        Defendant is entitled to test Plaintiffs' computation of damages, which they state will be

8   comprised of Defendant's records as well as information from www.511.org. to compensate for the

9   lack of payroll records regarding the "split-shift" travel time.  To do that, Defendant needs

10  information from Plaintiffs regarding their "split-shift" travel time, which is not tracked by

11  Defendant.  Accordingly, for the reasons stated at the hearing, Defendant may take up to fifty

12  depositions of opt-in Plaintiffs on the issue of "split-shift" travel time.  Each deposition shall last no

13  more than two hours, and should be completed in less time if possible.  Defendant may designate

14  which Plaintiffs it will depose, but the Court encourages the parties to work together to choose the

15  deponents.  Further, after conducting ten depositions, the parties shall meet and confer to determine

16  if the depositions have yielded useful information and whether the depositions should continue.  The

17  depositions shall be completed no later than March 1, 2011.  This order permitting fifty depositions

18  may be superceded without further court order by the parties' agreement to conduct this discovery in

19  some alternative manner, such as by stipulation or by a limited, informal survey of the Plaintiffs.

20       On January 3, 2011, Defendant filed an administrative motion seeking to extend the expert

21  disclosure deadline, which was set for January 21, 2011, in light of the parties' discovery disputes.

22  For the reasons stated at the hearing, Defendant's administrative motion is granted as follows.

23  Initial expert disclosures shall be made no later than April 1, 2011.  Rebuttal expert disclosures, if

24  any, shall be made no later than April 15, 2011.  The expert discovery cutoff date shall be April 29,

25  2011.  **IT IS SO ORDERED.**

26  Dated: January 13, 2011

27  _____
    ELIZABETH D. LAPORTE
    United States Magistrate Judge

28