1  Philip C. Monrad (State Bar No. 151073)
   Margot A. Rosenberg (State Bar No. 144955)
2  Elizabeth Morris (State Bar No. 260513)
   Arthur Liou (State Bar No. 252690)
3  LEONARD CARDER, LLP
   1330 Broadway, Suite 1450
4  Oakland, CA 94612
   Tel: 510-272-0169
5  Fax: 510-272-0174
   Email: pmonrad@leonardcarder.com
6  Email: mrosenberg@leonardcarder.com
   Email: lmorris@leonardcarder.com
7  Email: aliou@leonardcarder.com

8  Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN GILMER, ANTHONY RODGERS, DELORIS WILKINS, JERRY WILLIAMS, RAYMOND ROBBINS,<br><br>Plaintiffs,<br><br>vs.<br><br>ALAMEDA-CONTRA COSTA TRANSIT DISTRICT,<br><br>Defendant. | **Case No. 4:08-cv-05186-CW**<br><br>**ORDER: (1) APPROVING FLSA COLLECTIVE ACTION SETTLEMENT AND PLAN OF DISTRIBUTION; (2) ENTERING FINAL JUDGMENT; (3) APPROVING SERVICE PAYMENTS TO PLAINTIFFS; (4) APPROVING THE PAYMENT OF REASONABLE ATTORNEYS FEES AND COSTS; (5) APPROVING THE FILING OF ADDITIONAL CONSENTS TO OPT-IN AND (6) RETAINING JURISDICTION** |

This matter came on for a hearing on June 14, 2012 upon the unopposed motion of Plaintiffs BRIAN GILMER, ANTHONY RODGERS, DELORIS WILKINS, JERRY WILLIAMS and RAYMOND ROBBINS for Approval of FLSA Collective Action Settlement for final approval of the proposed settlement of this action on the terms set forth in the Joint Stipulation of Settlement of FLSA Claims.

Philip Monrad and Margot Rosenberg of Leonard Carder, LLP appeared for Plaintiffs; and Diane Marie O'Malley of Hanson Bridgett LLP and Alameda-Contra Costa Transit District General Counsel Vincent C. Ewing appeared for Defendant ALAMEDA-CONTRA COSTA TRANSIT DISTRICT ("Defendant AC Transit" or "District").

Having considered the papers on the motion, the arguments of counsel, and the law, and having reviewed the entire record in this action ("Action") and good cause appearing, the Court now enters this Settlement Approval Order and FINDS as follows:

WHEREAS, Plaintiffs, bus drivers for Defendant AC Transit, filed this Action on November 17, 2008 seeking overtime wages under Fair Labor Standards Act, 29 U.S.C. § § 207, 215 (a)(2), 216(b) and 255(a) and allege in their complaint that defendant AC Transit District failed to pay them as required by the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, for engaging in "Split-Shift Travel," "Start-End Travel," and Foreign Division Travel as those terms are defined throughout the litigation of this case and failed to keep accurate time records;

WHEREAS, Defendant AC Transit District denies each of the allegations in the Complaint and denies that any Plaintiff or Opt-In is entitled to any recovery. Defendant further denies that this action may be properly maintained as a collective action under the FLSA. Although this Court has issued Orders finding Defendant AC Transit District liable for FLSA violations regarding Split-shift and Start-end travel, the District would be able to contest the amount of its damages at trial and may choose to appeal one or more of the Court's Orders if the parties were to continue to litigate this matter.

WHEREAS, on April 1, 2009, the Parties filed a stipulation to conditionally certify this Action as a collective action pursuant to 29 U.S.C. § 216(b) and on November 2, 2011, the Court

**1.**

REV. [prop.] ORDER APPROVING FLSA COLLECTIVE ACTION SETTLEMENT    Case No. C08-05186 (CW)

issued its Order denying Defendant's motion to decertify;

WHEREAS, with the Complaint, each of the five Named Plaintiffs filed Consents To Become Party Plaintiffs and subsequently, filed 1353 additional Consents To Become Party Plaintiffs by bus drivers employed by Defendant before the November 12, 2009 deadline for filing Consents;

WHEREAS, without admitting any liability, claim or defense the Parties determined that it was mutually advantageous to settle this Action and avoid the costs, delay, uncertainty and business disruption of ongoing litigation;

NOW, therefore, the Court grants final approval of Settlement, and

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

## I.    NATURE OF ACTION

The proposed FLSA Collective Action Settlement and the Addendum thereto are attached hereto as Exhibits 1 and 2, respectively, and incorporated herein by reference. The terms in this Order shall have the meanings set forth therein.

## II.   JURISDICTION

The Court has jurisdiction over the subject matter of this Action.

## III.  FILING OF ADDITIONAL CONSENT FORMS ALLOWED

The deadline for filing Consents To Become Party Plaintiffs (Consent Forms) in this action was November 12, 2009. Section IV(A) of the Settlement Agreement, and the Addendum to this Agreement filed on June 8, 2012, both request that additional Consent Forms be allowed to be filed by individuals who commenced driving fixed-route bus service for the District after that time. In the interest of facilitating comprehensive resolution of the claims in Plaintiffs' Complaint and good cause appearing, the Consent Forms attached to Plaintiffs' Notice of Lodging Additional Consents To Become Party Plaintiffs (Dkt. No. 264) and their Supplemental Notice of Lodging Additional Consents To Become Party Plaintiffs (Dkt. No. 267) shall be filed and are hereby deemed filed. The provisions in the Settlement Agreement for Notice, waiver, calculation of settlement shares and payment of same shall apply equally and fully to these Opt-Ins and they are

bound by this Order and Judgment, with the sole exception, as agreed and requested by the Parties in the Addendum Agreement, that the Settlement Administrator shall pay the Net Initial Settlement Payment of those Opt-Ins whose Consent Forms were lodged with the Supplemental Notice of Lodging New Consents from the Reserve/Contingency Fund established pursuant to § VII(C)(2) of the Settlement Agreement.

## IV.  APPROVAL OF SETTLEMENT

The Court has reviewed the terms of the Settlement attached as Exhibit 1 to the Monrad Declaration referenced above, including the $7,000,000 Settlement Payment, the Distribution Plan and related provisions for disbursing the Settlement Payment, the release of claims and the Notice of same to Opt-Ins. The Court has also read and considered Plaintiffs' Notice of Unopposed Motion and Motion for Approval of FLSA Collective Action Settlement and its supporting memoranda and evidence, including the Monrad Declaration referenced above. Based on review of these papers, and the Court's familiarity with this case, the Court finds and concludes that the Settlement is the result of arms-length negotiations between the Parties, conducted under the supervision of Magistrate Donna M. Ryu, after Plaintiffs' Counsel had adequately investigated Plaintiffs' and the Opt-Ins' claims and become familiar with their strengths and weaknesses. The assistance of Magistrate Ryu in the settlement process confirms that the Settlement is non-collusive.

The Court finds and determines that the payments to be made to the Opt-Ins as provided for in the Settlement are fair and reasonable. The proposed Distribution Plan and calculation of settlement shares is rationally related to the relative strengths of the claims asserted.

The Settlement is not a concession or admission, and shall not be used or construed against defendant District as an admission or indication with respect to any claim of any fault or omission by the District.

## V.  APPROVAL OF THE NOTICE PROGRAM

Plaintiffs have also submitted for this Court's approval a proposed Notice of Settlement (submitted as Exhibit A to the Settlement Agreement).

**3.**
REV. [prop.] ORDER APPROVING FLSA COLLECTIVE ACTION SETTLEMENT   Case No. C08-05186 (CW)

The Notice is the best notice practicable under the circumstances. The Notice fairly, plainly, accurately, and reasonably informs Opt-Ins of: (1) appropriate information about the nature of this action, the essential terms of the Settlement, including the Distribution Plan and identity of Plaintiffs' Counsel; (2) appropriate information about the amounts being allocated to Named Plaintiffs as Service Payments and to Plaintiffs' Counsel as attorneys' fees and costs; and (3) appropriate instructions as to how to obtain additional information regarding this action and the Settlement.

The proposed plan for distributing the Notice likewise is a reasonable method calculated to reach all individuals who would be bound by the Settlement. Under this plan, the Settlement Administrator will distribute the Notice and Settlement Share checks to all Opt-Ins by first-class mail to their last known addresses, unless forwarded addresses are identified by the Settlement Administrator before mailing, using standard devices including the National Change of Address database or equivalent, and using appropriate skip tracing to take appropriate steps to maximize the probability that the Notice will be received by all Opt-Ins. There is no additional method of distribution that would be reasonably likely to notify Opt-Ins who may not receive notice pursuant to the proposed distribution plan. In addition, the Settlement Administrator will take reasonable steps to locate Opt-Ins who do not promptly case their Settlement Share checks.

Accordingly, the Court finds and concludes that the proposed plan for distributing the Notice will provide the best notice practicable and satisfies all legal and due process requirements.

## VI. PLAINTIFFS' AND OPT-INS' RELEASE OF CLAIMS

The Court has reviewed the release in Section XI of the Settlement Agreement and finds it to be fair, reasonable, and enforceable under the FLSA and all other applicable law. Plaintiffs and every Opt-In (including the additional Opt-Ins whose Consent Forms are by this Order allowed to be filed), pursuant to the Settlement Agreement, are bound by the release of claims as set forth in the Settlement, regardless of whether a Plaintiff or Opt-In cashes or deposits his or her settlement check.

## VII. APPOINTMENT OF SETTLEMENT SHARE CPA AND SETTLEMENT ADMINISTRATOR

Hemming Morse, LLP is hereby appointed Settlement Share CPA to carry out the duties set out in Section V(A) and elsewhere in the Settlement Agreement and in this Order. Kurtzman Carson Consulting, LLC is hereby appointed Settlement Administrator to carry out the duties set out in Section V(B) and elsewhere in the Settlement Agreement and in this Order.

## VIII. SERVICE PAYMENTS TO THE NAMED PLAINTIFFS

The Court approves the service payments to the Named Plaintiffs as set forth in Section VIII(A) of the Settlement. The Court finds and determines that the award of $10,000 (Ten Thousand Dollars) to each of the Named Plaintiffs BRIAN GILMER, ANTHONY RODGERS, DELORIS WILKINS, JERRY WILLIAMS and RAYMOND ROBBINS is fair and reasonable. The Plaintiffs have expended considerable time and effort in pursuing the litigation on behalf of the Opt-Ins, and the Opt-Ins have benefited considerably from these efforts. Plaintiffs' Counsel attests that the Plaintiffs were substantially involved throughout the litigation, educating Plaintiffs' counsel on the District's complex scheduling and payroll practices. Plaintiffs submitted declarations regarding their work experiences, which contributed to the Settlement, and responded to substantial discovery requests from the District, including submitting to multiple depositions.   Each Plaintiff attended and assisted in two mediation sessions and two judicial settlement conferences.

## IX. PLAINTIFFS' COUNSEL'S AWARD OF FEES AND COSTS

The Court finds and determines that the payment of $1,625,000 (One million, six hundred and twenty-five thousand dollars) in attorneys' fees and litigation costs to Plaintiffs' Counsel, is fair and reasonable and amply supported by the record. This amount represents 23.2% of the gross settlement fund and is substantially below Plaintiffs' lodestar amount resulting from multiplying the reasonable hours expended by Plaintiffs' Counsel by reasonable market rates, as evidenced by Exhibit 3 to the Monrad Declaration. Moreover, the payment of $1,625,000 in attorneys' fees and costs together is less than the Ninth Circuit's 25% benchmark for reasonable fees (alone) in common fund settlements. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047

(9th Cir. 2002); *Chemical Bank v. City of Seattle (In re Washington Public Power Supply Sec. Litig.*), 19 F.3d 1291, 1297 (9th Cir. 1994); *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989).

## X. ENFORCEMENT OF OBLIGATIONS

Nothing in this Settlement Approval Order will preclude any action to enforce the Parties' obligations under the Settlement or under this Order, including the requirement that defendant AC Transit District make the Settlement Payment in accordance with the terms of the Settlement.

## XI. ORDER VACATED IF SETTLEMENT IS REVERSED OR MATERIALLY MODIFIED

If, for any reason, the Settlement is reversed or materially altered subsequent to this Order, this Settlement Approval Order will be vacated; the Parties will return to their respective positions in this action as those positions existed immediately before the parties executed the Settlement; and nothing stated in the Settlement or any other papers filed with this Court in connection with the Settlement will be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action.

## XII. FINAL JUDGMENT

By means of this Settlement Approval Order, this Court hereby enters final judgment in this action, as defined in Federal Rule of Procedure 58(a).

The Parties are hereby ordered to comply with the terms of the Settlement. Each Named Plaintiff and Opt-In is bound by this Final Judgment and Order, including, without limitation, the release of claims as set forth in the Agreement. By operation of this Final Judgment and Order, all Named Plaintiffs and Opt-Ins are hereby forever barred and enjoined from prosecuting the released claims against the Defendant as defined in the Agreement.

This action is dismissed with prejudice, each side to bear its own costs and attorneys' fees, except as provided by the Settlement Agreement and the Court's Orders.

## XIII. CONTINUING JURISDICTION

Without affecting the finality of the Court's judgment in any way, the Court retains

**6.**
REV. [prop.] ORDER APPROVING FLSA COLLECTIVE ACTION SETTLEMENT   Case No. C08-05186 (CW)

jurisdiction over this matter for purposes of resolving issues relating to interpretation, administration, implementation, effectuation and enforcement of the Settlement.

**IT IS SO ORDERED.**

Dated: _____June 14_____, 2012

_____
Honorable Judge Claudia Wilken
District Court Judge